## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kristin C. Haines and Paul Jay,<br>Individually and as Parents and Natural<br>Guardians of Robert and Sophia Jay<br>18 Clarion Court<br>Newark, DE 19713 | : <br> : <br> : <br> : <br> : | CIVIL ACTION<br><br>NO.: |
| Plaintiffs, | : | |
| v. | : | |
| | : | **PLAINTIFFS' COMPLAINT** |
| Milton S. Hershey Medical Center<br>500 University Drive<br>Hershey, PA 17033-0850 | : <br> : <br> : | <br><br>**JURY TRIAL DEMANDED** |
| Defendants. | : | |

### INTRODUCTION

1.    This is a medical negligence action filed as a companion matter to the civil action previously filed on March 13, 2015 docketed as <u>Kristin C. Haines and Paul Jay, inidividually and as parents and natural guardians of Robert and Sophia Jay v. Rekha A. Cherian, M.D., et al</u>, Case 1:15-cv-00513 YK.   The current case sets forth negligence of additional obstetrical agents, servants and/or employees of the hospital defendant who are not a part of the companion case and, furthermore, asserting different theories of liability against them.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, because the amount in controversy as to Plaintiffs vastly exceeds the jurisdictional requirements to guarantee a jury trial, exclusive of interest and costs, and because Defendants are incorporated and have their principal place of business in state other than the state in which the named individuals and representative Plaintiffs reside. This Court has personal jurisdiction over the defendants because all of the actions herein occurred in this judicial district.

THE BEASLEY FIRM, LLC<br>1125 WALNUT STREET<br>PHILADELPHIA, PA 19107<br>215.592.1000<br>215.592.8360 (FAX)<br>WWW.BEASLEYFIRM.COM

## PARTIES AND OTHER ENTITIES

**PLAINTIFFS:**

3.      Plaintiffs, Kristin Haines and Paul Jay, individually and as parents and natural guardians of Sophia Jay and Robert Jay, minors, bring this action on their behalves.  They reside at 18 Clarion Court, Newark, Delaware 19713.

**DEFENDANT:**

4.      Defendant, Milton S. Hershey Medical Center, (Medical Center) offers medical, surgical and diagnostic services at their hospitals, community satellite facilities, and in physician offices, with a place of business at the above listed address. Defendant Medical Center, is responsible for the acts and omissions of its physicians, physician assistants, nurses, nursing assistants, nursing personnel, residents, fellows, CRNPs, housestaff, medical personnel, clerical personnel and other persons participating in the care and treatment of Kristin Haines at Milton S. Hershey Medical Center.

5.      Plaintiffs are pursuing a professional liability claim against the Medical Center.

6.      Defendant Medical Center is liable for the acts of its obstetrical agents, servants, and/or employees.

## FACTS

7.      On 27 March, 2014, Ms. Haines, 25 weeks pregnant with twins, arrived at the defendants' hospital with complaints of shortness of breath for 24 hours after falling on her abdomen.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

- 2 -

*Kristin Haines and Paul Jay, Individually and as p/n/g of Robert Jay and Sophia Jay*
**PLAINTIFFS' COMPLAINT**

8.      As part of her evaluation, the defendant's obstetrical agents, servants and/or employees identified in the medical records, ordered a CT scan and misdiagnosed Ms. Haines with a pulmonary embolism.

9.      Rather than obtain a pulmonology consultation to find a proper diagnosis for Ms. Haines' respiratory symptoms, the defendant's obstetrical agents, servants and/or employees identified in the medical records, began to treat Ms. Haines with a dangerous blood thinning drug known as Lovenox to treat the misdiagnosed pulmonary embolus.

10.      Had the defendant's obstetrical agents, servants and/or employees identified in the medical records, contacted a pulmonologist when they should have, they would have learned that Lovenox was unnecessary and  improper.

11.      Within two days of Ms. Haines beginning the Lovenox treatments, she developed a massive internal bleed in the area of her abdominal wall; this bleed resulted in intense, 10/10 pain requiring high dose narcotic medications.

12.      Because of a concern for fetal compromise, Ms. Haines was transferred to labor and delivery so the fetuses could be continuously monitored.

13.      The intraabdominal bleeding was so extensive that Ms. Haines' abdomen had swollen that she could not get up from a chair.

14.      The hemorrhaging was so severe that Ms. Haines' anemia and consequently diminished blood oxygen levels placed the fetuses in an untenable and dangerous situation.

15.      Unfortunately, because of the misdiagnosed pulmonary embolus and the assumed requirement for continued anticoagulation, replacement of the blood

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

*Kristin Haines and Paul Jay, Individually and as p/n/g of Robert Jay and Sophia Jay*
**PLAINTIFFS' COMPLAINT**

hemorrhaged into her abdomen was compromised for fear that it would dilute the effects of the Lovenox; this inability to aggressively and fully resuscitate Ms. Haines' hemorrhage and resultant critical anemia further compromised Ms. Haines and the fetuses.

16.     By 1 April 2014, fetal distress due to the Lovenox-induced compromise of Ms. Haines was apparent; she was reporting decreased fetal movement, and the health care providers reported non-reassuring fetal heart rate tracings; as reported in the 4th year obstetrics resident's 08:02 note:

> [Patient] reported [decreased] [fetal movement] x2 and was placed on the monitor.  She was noted to have minimal variability x2 and variable decels [down to the] 80s x2. Decision was made to move her to [labor and delivery] for closer monitoring.   [Hematocrit] 22.0 this morning. Decision made to give [betamethasone], transfuse 2 units PRBCs and receive continuous monitoring.  She will receive MFM ultrasound this AM.  [Patient] has influenza and is on precautions.

17.     On this same day, Ms. Haines' hemoglobin levels dropped to a dangerously low level of 6.7, and the fetuses were again reported to be in distress.

18.     On 3 April 2014, the pulmonary team was called for consultation; a re-review of the 27 March 2014 CT scan was done, where it was determined that it had been misread:

**RECOMMENDATIONS:**

**1) Pulmonary Embolism:**
Overall, the CT study is of semi-poor quality and not reliable enough to confidently make decision on filter placement or continued anticoagulation.   I did speak with radiology personally regarding this scan as to whether or not this clot is even present or is it simply artifact?  After review with Dr. Cherian and Dr. Majraj (Chest radiologists), it looks as though this area of concern is actually just artifact.  No PE is

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

present.  She does have other reasons to feel as she does, mostly including influenza infection and she should be treated accordingly.

19.    After this misdiagnosed pulmonary embolus, the Lovenox was halted, but it was too late and the fetuses were caused to suffer irreparable injuries which are severely and permanently compromising all aspects of their lives.

20.    On 4 April 2014, after Kristin Haines and Paul Jay were informed of the misread CT scan, they expressed understandable upset at the injuries caused to their fetuses and them:

> Patient with increasing lower abdominal pain yesterday which is very uncomfortable for her this morning.  H/H stable at 9.3/27.5 from 9.0/27.2 yesterday evening.  No blood products x 24 hours.  Patient and her husband expressed their frustration about learning yesterday that the initial CT scan that showed a PE may have been incorrectly interpreted leading to subsequent events.

21.    On 11 April 2014, the medical records summarized the plaintiffs' course as follows:

> 34 yo female who is G8P5 at 25 weeks gestation who was found to have influenza B, PE on CT scan, later found to be artifact and was subsequently started on therapeutic Lovenox which resulted in massive rectus sheath hematoma and anemia.

22.    Kristin Haines was caused to develop a severe narcotic dependence as a result of the tremendous pain and suffering due to the massive internal bleeding; so too did her twins, who were born addicted to opiates.

23.    Paul Jay and Kristin Haines were both present for and contemporaneously aware of the negligence, and its sequelae to Ms. Haines and the twins, which has caused them severe and permanent emotional and physical suffering.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

24.     On 19 June 2014, Ms. Haines was admitted to Lancaster General Hospital in labor and to deliver the twins.

25.     Sophia Jay and Robert Jay's labor and delivery complications were noted to be "[N]eonatal drug withdrawal, also noted meconium stained amniotic fluid."

26.     Sophia Jay and Robert Jay's condition at delivery was noted to be "hypertonic, inconsolable, tachypneic, and very tremulous."  He was admitted to the NICU for treatment.

27.     As a result of the brain damage caused by the defendants' misread CT scan and resultant treatment, Robert Jay has an abnormal EEG requiring phenobarbital to control seizure activity, hypertonia, cortical blindness, severe hypoxic ischemic encephalopathy, microcephaly, neonatal abstinence syndrome, reflux disease, feeding difficulties, tracheomalacia, and other damages identified in the medical records.

28.     Robert Jay has been treating at Nemours AI DuPont medical center for this constellation of injuries and damages.

29.     As a result of the brain damage caused by the defendants' misread CT scan and resultant treatment, Sophia Jay has been diagnosed with brain damage including hypertonia, neonatal abstinence syndrome, reflux disease, feeding difficulties, and other damages identified in the medical records.

30.     Sophia Jay has been treating at Nemours AI DuPont medical center for this constellation of injuries and damages.

## FIRST CAUSE OF ACTION

### Kristin Haines and Paul Jay, as parents and natural guardians of Robert Jay and Sophia Jay v. Defendant Milton S. Hershey Medical Center

31.     Plaintiffs incorporate by this reference all preceding paragraphs of this

- 6 -

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

*Kristin Haines and Paul Jay, Individually and as p/n/g of Robert Jay and Sophia Jay*
**PLAINTIFFS' COMPLAINT**

Complaint in their entirety as though fully set forth in this cause of action, and further allege as follows:

32.     As set forth above, the defendant's obstetrical agents, servants and/or employees identified in the medical records:

a.     failed to properly obtain consultation for Ms. Haines' respiratory issues;

b.     failed to properly diagnose the cause of Ms. Haines' respiratory issues;

c.     failed to recognize their own limitations in pulmonary issues and consult a pulmonologist before concluding a diagnosis and ordering a dangerous drug that is known to have a bleeding complications;

d.     Failure to select and retain competent physicians to treat plaintiffs and assure quality care for the plaintiffs to make certain that defendants would assess and treat the plaintiffs in accordance with the standard of care;

e.     Failure to formulate, adopt and enforce adequate rules and policies to assure quality care for the plaintiffs to make certain that defendants would assess and treat the plaintiffs in accordance with the standard of care;

f.     Failure to have in place a policy or procedure to assure that defendants would assess and treat the plaintiffs in accordance with the standard of care;

g.     Failure to oversee and supervise physicians, as to patient care and assure that defendants would assess and treat the plaintiffs in accordance with the standard of care; and

h.     Failure to monitor the competence of the health care providers who were acting as agents (expressed, implied, apparent, ostensible, or otherwise), or servants of the hospital during plaintiffs' hospitalization, to assure that defendants would assess and treat the plaintiffs in accordance with the standard of care.

33.     As a result these failures, Defendant Medical Center, increased the risk of harm that the patients would suffer the injuries and damages that they did, and that the

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

*Kristin Haines and Paul Jay, Individually and as p/n/g of Robert Jay and Sophia Jay*
**PLAINTIFFS' COMPLAINT**

parents suffered the losses that they did as more fully identified in the companion case attached hereto as Exhibit "A."

34.     As set forth above, defendant Medical Center acted by and through its obstetrical agents, servants and/or employees identified in the medical records.

35.     Defendant Medical Center failed to have policies, procedures and/or protocols in place to assure only reliable, quality imaging results in diagnoses and treatment plans.

36.     The personal injuries and losses of the plaintiffs were caused by the named defendant, acting by and through their agents, servants and employees, in their care of the plaintiffs, who knew, or had reason to know, of the poor quality and unreliable nature of the 27 March 2014 CT Scan, and the risks of not repeating the study until a quality CT scan was obtained. In so doing, defendants created a high degree of risk of physical harm to the plaintiffs, and defendants deliberately proceeded to act, or failed to act, in conscious disregard of, or indifference to, that risk.

37.     As a result of all defendants' actions and omissions resulting in the pulmonary embolus misdiagnosis, the minor plaintiffs have suffered the following:

      a.   severe and permanent brain injury;

      b.   damage to their nerves and nervous system;

      c.   the need for ventilator support and pulmonary damage;

      d.   the need for significant, ongoing and expensive medical care;

      e.   permanent disfigurement;

      f.   considerable physical pain and suffering;

      g.   considerable mental pain and suffering;

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

     h.  humiliation and embarrassment;

     i.  inability to engage in the usual household family, and social activities;

     j.  loss of earning capacity;

     k.  loss of life's pleasures.

38.     As a further result of all defendants' actions and omissions resulting in the pulmonary embolus misdiagnosis, Kristin Haines has suffered the following:

     a.  Massive internal bleeding and anemia;

     b.  Narcotic dependence;

     c.  Physical and emotional injuries due to the injuries caused to herself and her twins Robert and Sophia Jay;

     d.  brain injury;

     e.  damage to her nerves and nervous system;

     f.  the need for significant, ongoing and expensive medical care;

     g.  permanent disfigurement;

     h.  considerable physical pain and suffering;

     i.  considerable mental pain and suffering;

     j.  humiliation and embarrassment;

     k.  inability to engage in the usual household family, and social activities;

     l.  loss of earnings and earning capacity;

     m.  loss of life's pleasures.

WHEREFORE, plaintiffs hereby demand judgment against all named defendants, jointly, severally and/or individually in an amount in excess of the statutory limits, plus

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

*Kristin Haines and Paul Jay, Individually and as p/n/g of Robert Jay and Sophia Jay*
**PLAINTIFFS' COMPLAINT**

costs and delay damages, where such an amount in controversy exceeds the jurisdictional amount subject to compulsory arbitration.

## **SECOND CAUSE OF ACTION**

### **Kristin Haines and Paul Jay, as parents and natural guardians of Robert and Sophia Jay v. All Defendants**

58.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint in their entirety as though fully set forth in this cause of action, and further allege as follows:

59.     Kristin Haines and Paul Jay were, as described in this complaint, acutely aware of the misdiagnosed CT Scan and the resultant injuries and damages to Ms. Haines, as well as Robert and Sophia Jay.

60.     Kristin Haines and Paul Jay experienced direct sensory and contemporaneous observation of:

   a.     the negligent acts and omissions of the management of the misdiagnosed 27 March 2014 CT scan;

   b.     The immense pain and suffering as a result of the internal hemorrhaging and the subsequent narcotic addiction;

   c.     the panic associated with being acutely aware of the fetal distress that Robert and Sophia Jay were suffering in utero;

   d.     the severely ill condition of Robert and Sophia Jay upon delivery, and the panic associated with witnessing their condition upon delivery.

61.     All of the damages claimed in this Count are due to the actions and omissions described herein, witnessed, observed and experienced by plaintiffs, Kristin Haines and Paul Jay.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

*Kristin Haines and Paul Jay, Individually and as p/n/g of Robert Jay and Sophia Jay*
**PLAINTIFFS' COMPLAINT**

62.     As a result of the above acts and omissions, Kristin Haines and Paul Jay have suffered, and continue to suffer, from physical and emotional injuries, including nightmares, sleeplessness, anxiety, depression, and other physical and emotional injuries directly related to the observed neglect described in this complaint.

63.     The defendants' acts and omissions as set forth in this complaint which were observed and understood by the plaintiff were at all relevant times the direct and proximate cause of plaintiff's physical and emotional injuries.

**WHEREFORE**, plaintiffs hereby demands damages of all defendants in an amount in excess of the jurisdictional limit for a jury trial, plus costs, delay damages, and such other relief as this Honorable Court deems just and appropriate.

## <u>NOTICE OF PRESERVATION OF EVIDENCE</u>

PLAINTIFFS HEREBY DEMAND AND REQUEST THAT DEFENDANTS TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS OF THIS COMPLAINT.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand a jury trial.

Respectfully submitted,

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

*Kristin Haines and Paul Jay, Individually and as p/n/g of Robert Jay and Sophia Jay*
**PLAINTIFFS' COMPLAINT**

**THE BEASLEY FIRM, LLC**


By:     /s/ James E. Beasley, Jr.
        James E. Beasley, Jr., Esquire
        PA I.D. 83282
        Dion G. Rassias, Esquire
        PA I.D.  49724
        1125 Walnut Street
        Philadelphia, PA 19107-4997
        (215) 592-1000
        (215) 592-8360 (telefax)
        Attorneys for Plaintiffs

Dated:  28 March 2016

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

- 12 -

*Kristin Haines and Paul Jay, Individually and as p/n/g of Robert Jay and Sophia Jay*
**PLAINTIFFS' COMPLAINT**